759 F.2d 1518
 Dr. Julius N. HILL, Dr. Totada R. Shantha, and Dr. Raul J.
Hernandez, Plaintiffs-Counter Defendants
Third-Party Defendants-Appellees,
v.
BEAR, STEARNS & CO., a Partnership among Samuel R. Shapiro
and Other Persons Unknown, Defendants-Counter
Plaintiffs Third-Party Plaintiffs-Appellants.
 No. 84-8372.
 United States Court of Appeals,
Eleventh Circuit.
 May 8, 1985.
 
 Paul W. Stivers, David P. King, Atlanta, Ga., for Bear, Stearns & co., et al.
 Robert B. Hill, Stephen V. Kern, Atlanta, Ga., for Hill, et al.
 Appeal from the United States District Court for the Northern District of Georgia; Richard C. Freeman, Judge.
 Before KRAVITCH and CLARK, Circuit Judges, and PECK*, Senior Circuit Judge.
 JOHN W. PECK, Senior Circuit Judge:
 
 
 1
 This case presents the same issue as the three consolidated actions decided today in which Bear, Stearns & Co., ("Bear Stearns") is the appellant.[1] This case involves an additional appellant, Samuel R. Shapiro, the partner in charge of Bear Stearns' Atlanta office. The appellees in this action, as trustee for a pension plan and trust, allege that Arnold Whiteman, as agent for Bear Stearns, recommended security investments to them which were purportedly high quality, low risk investments but were instead speculative and, as a result, the pension plan and trust declined in value $190,000.00. Appellees filed suit in the United States District Court for the Northern District of Georgia, asserting claims under the Employee Retirement Income Security Act, the Securities Exchange Act of 1934, the Investment Advisors Act, the National Association of Securities Dealers' Fair Practice Rules, the New York and American Stock Exchange Rules, common law fraud, breach of contract, breach of fiduciary duty, negligent misrepresentation, and fraud under Georgia statutes. Pursuant to the customer agreement between Bear Stearns and Appellees, Bear Stearns and Shapiro demanded arbitration. They conceded that claims under the federal Securities Exchange Act were not arbitrable. The district court denied Bear Stearns' motion to stay the federal court proceedings pending arbitration of those claims subject to arbitration.
 
 
 2
 For the reasons set forth in Dimenstien v. Bear, Stearns, we REVERSE the order of the district court and REMAND for further proceedings in light of Dean Witter Reynolds, Inc. v. Byrd, --- U.S. ----, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), and consistent with our opinion in Dimenstien.
 
 
 
 *
 Honorable John W. Peck, U.S. Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 Dimenstien v. Bear, Stearns & Co., 11th Cir., 759 F.2d 1514 [1985]