845 F.2d 950
 11 Fed.R.Serv.3d 307
 Humberto SUAREZ-VALDEZ, Acerus Suarez, S.A., a Panamanian
corporation, Plaintiffs-Appellees,
v.
SHEARSON LEHMAN/AMERICAN EXPRESS, INC., a Delaware
corporation, Alejandro Lacayo, Defendants-Appellants.
 No. 87-5712.
 United States Court of Appeals,
Eleventh Circuit.
 May 23, 1988.
 
 Curtis Carlson, Fowler, White, Burnett, Hurley, Banick & Strickfoot, P.A., Kathy M. Klock, Miami, Fla., for defendants-appellants.
 Katz, Barron, Souitero, Linden & Faust, Robert Grady, Miami, Fla., for plaintiffs-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before TJOFLAT and HILL, Circuit Judges, and HALL*, District Judge.
 HILL, Circuit Judge.
 Pursuant to Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985) and Shearson/American Exp., Inc. v. McMahon, --- U.S. ----, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the defendants moved the district court to stay this action pending the arbitration required by the parties' agreements. While the district court did stay the trial pending arbitration, it did not stay proceedings. The district judge ordered that discovery would proceed under the Federal Rules of Civil Procedure. The defendants appealed the decision to allow discovery proceedings to continue.
 The issue defendants present is appealable at this juncture. Properly characterized, the appeal stems from a denial of a motion to stay proceedings pending arbitration, and not from an order compelling discovery. A denial of a stay of judicial proceedings pending arbitration is immediately appealable. Dimenstien v. Whiteman, 759 F.2d 1514, 1515 (11th Cir.1985).
 The district court erred in refusing to stay discovery. An agreement to arbitrate is an agreement to proceed under arbitration and not under court rules.[1]
 The stay entered for arbitration is AFFIRMED. The provision requiring that the parties engage in--and submit to--discovery under the Federal Rules of Civil Procedure is REVERSED and shall be VACATED.
 
 
 
 *
 Honorable Robert H. Hall, U.S. District Judge for the Northern District of Georgia, sitting by designation
 
 
 [1]
 We need not decide whether a district court might order discovery to aid in arbitration where the court found some "special need" for the discovery. See Bigge Crane & Rigging Co. v. Docutel Corporation., 371 F.Supp. 240 (E.D.N.Y.1973); Ferro Union Corporation v. SS Ionic Coast, 43 F.R.D. 11 (S.D.Tex.1967). Conceivably such a rule risks a plunge into judicial control over arbitration. The issue is irrelevant in this case, however, because the plaintiffs never contended to the district court that they had such an unusual circumstance, and the district court made no such finding. To the extent that plaintiffs argued that federal interests in federal securities laws constituted some sort of special need, R1-50-6, their rationale was undermined by Shearson/American Exp., Inc. v. McMahon, --- U.S. ----, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987)