**WESTERN INTERNATIONAL MEDIA CORPORATION, a California corporation, Plaintiff,**

v.

**A.R. JOHNSON, et al., Defendants.**

**No. 90–1349–CIV.**

United States District Court, S.D. Florida.

Jan. 4, 1991.

872

Hugo N. Gerstl, Monterey, Cal., for plaintiff.

John Dichiara, Fort Lauderdale, Fla., for defendant A.R. Johnson.

Edward R. Nicklaus, William R. Wicks, III, Miami, Fla., for defendants Ins. Corp. of America, Johns Eastern Co., Inc. and David Schell.

Robert C. Furr, Boca Raton, Fla., for defendant Dyna Span Corp.

ORDER GRANTING IN PART THE CROSS–CLAIM DEFENDANTS' DEMAND FOR ARBITRATION AND MOTION TO STAY, AND DENYING THE ALTERNATIVE MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause is before the court on the motion of the cross-claim defendants, A.R. Johnson, Insurance Corporation of America, Principle Holding Corporation, and Dyna Span Corporation. In their motion, the cross-claim defendants seek an order compelling arbitration of the cross-claim filed by Johns Eastern Company, Inc. and David Schell and staying proceedings pending arbitration. In the alternative, the cross-claim defendants seek an order dismissing the cross-claim.

ARBITRATION

The cross-claim defendants seek arbitration of the cross-claim on the basis of two documents. One of these is a signed document involving Dyna Span Corporation and Johns Eastern Company. The other is an unsigned document involving Insurance Corporation of America and Johns Eastern Company. The cross-claim defendants allege that both of these documents are valid contracts that contain arbitration provisions requiring that this dispute be submitted to arbitration.

The cross-claimants argue, however, that these documents cannot serve as the basis for compelling arbitration because the contractual relationships with the cross-claim defendants were fraudulently induced. Moreover, the cross-claimants have pointed out that several of the parties to this cross-claim are clearly not parties to either of the two documents containing arbitration clauses, and that a federal antitrust claim has been asserted based on the alleged fraud underlying the other counts in the cross-claim. The cross-claimants also assert that the unsigned document is not an executed contract and that it is therefore unenforceable.

The cross-claimants' first argument, that arbitration is not proper because the contracts containing arbitration provisions were obtained through fraud, must fail. The fraud alleged by the cross-claimants goes to each contract as a whole, rather than to the arbitration provision within each contract. While judicial consideration is appropriate where fraud has been alleged with respect to an arbitration provision, allegations of fraud pertaining to a contract as a whole should be resolved in arbitration. *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967); *Benoay v. Pruden-*

*tial–Bache Securities, Inc.*, 805 F.2d 1437, 1441 (11th Cir.1986).

■ The cross-claimants have also argued that, even should the arbitration provision in the contract with Dyna Span require arbitration of claims involving Dyna Span, claims against the other cross-claim defendants should not be sent to arbitration because there is no arbitration agreement with those parties. The written but unsigned document involving Johns Eastern and Insurance Corporation of America, however, incorporates an arbitration provision. In addition, cross-claimant Johns Eastern Company's correspondence acknowledged the arbitration agreement and the contract when it returned the document to Insurance Corporation of America, stating that the contract would be executed upon the return of the document following execution by Insurance Corporation of America. This acknowledgment, together with the course of dealings pursuant to a verbal agreement to handle insurance claims on the same basis as had been contractually agreed to with Dyna Span, reveals that a contract incorporating arbitration provisions had been agreed to and was reflected in the unsigned writing. *See Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir.1987) (discussing applicability of written arbitration agreements in absence of signatures). Nonetheless, there appears to be no indication of an arbitration agreement involving either

A.R. Johnson or Principle Holding Corp. Therefore, while arbitration is appropriate on the cross-claim with respect to Dyna Span and Insurance Corporation of America,¹ the cross-claim defendants have submitted nothing to show why the cross-claimants must arbitrate their claims against Johnson and Principle Holding Corp.

■ The cross-claimants also argue that arbitration is inappropriate because the cross-claim asserts an antitrust claim.² Although *Cobb v. Lewis*, 488 F.2d 41, 47 (5th Cir.1974),³ held that, "as a general matter, antitrust claims are not appropriate subjects of arbitration," recent decisions of the United States Supreme Court indicate that these claims have now become proper subjects of arbitration when an agreement provides for their arbitration. In *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), the Supreme Court held that antitrust claims are arbitrable. Although the *Mitsubishi* Court found it "unnecessary" to assess whether the doctrine that holds antitrust claims to be non-arbitrable remains applicable in the domestic context, the court nonetheless rejected the concerns that had been used to justify the non-arbitrability of antitrust claims. *Id.* 473 U.S. at 632–40, 105 S.Ct. at 3356–61. Although the Court supported its rejection of some of these concerns on grounds tied to the principles involved in international commercial transactions, the Court's re-

---

1. Although the claims stated in the cross-claim are not all contractual claims arising directly from the service contracts, they are all related to the contracts which, at a minimum, establish the relationships that are the foundation of the claims. The arbitration clauses provide for arbitration of any dispute or claim "arising out of" or "relating to" the agreements or their breach. In light of these clauses, the factual allegations in the cross-claim, and the federal policy favoring arbitration, *see, e.g., Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 625–27, 105 S.Ct. 3346, 3353–54, 87 L.Ed.2d 444 (1985) ("[The parties'] intentions are generously construed as to issues of arbitrability."), the arbitration provisions in this case reveal an agreement to arbitrate all the counts that have been set forth in the cross-claim.

2. The cross-plaintiffs raised this argument by citing *Big Apple Cookie Co. v. Springwater Cook-*

*ie Co.*, 517 F.Supp. 367 (S.D. Ohio 1981), for the proposition that the cross-claim cannot be submitted to arbitration because of the possible preclusive effects arbitration would have on a non-arbitrable antitrust claim. Even should an antitrust claim be non-arbitrable, recent cases have held that arbitration should proceed on arbitrable claims even where there may be factual "intertwining" with non-arbitrable claims that are within the jurisdiction of federal courts. *See, e.g., Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); *Shihadeh v. Dean Witter Reynolds, Inc.*, 766 F.2d 461 (11th Cir.1985); *Dimenstien v. Whiteman*, 759 F.2d 1514 (11th Cir.1985).

3. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit, including Unit A, handed down prior to October 1, 1981.

874

liance on arbitration principles and the legislative histories of antitrust provisions suggests that the result arrived at in *Mitsubishi* would be forthcoming in the domestic situation. *See id.; see also GKG Caribe, Inc. v. Nokia–Mobira, Inc.,* 725 F.Supp. 109, 111–12 (D.P.R.1989); *Gemco Latinoamerica, Inc. v. Seiko Time Corp.,* 671 F.Supp. 972, 979–80 (S.D.N.Y.1987). Moreover, the principles and reasoning set forth in *Mitsubishi* have been used by the Court in later cases to find that RICO and securities claims are arbitrable in the domestic context. *See Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (holding that claims under the Securities Act of 1933 are arbitrable, thereby overruling *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)); *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) (holding that claims under the Securities Act of 1934 and the RICO statutes are arbitrable). These cases therefore indicate that the cross-claimants' antitrust claim is arbitrable.

## STAY OF PROCEEDINGS

Although cases have held that where arbitrable and non-arbitrable claims are involved in a case, the arbitration and court proceedings should both proceed,[4] a stay of proceedings on the cross-claim involving A.R. Johnson and Principle Holding Corp. nonetheless appears appropriate pending the arbitration involving the other parties to this cross-claim. The stay is appropriate due to the allegations that the cross-claim defendants are alter-ego entities. Allowing the continuation of proceedings on the cross-claim with respect to A.R. Johnson and Principle Holding Corp., given the allegations that the cross-claim defendants are alter-egos of each other, would circumvent the effect and purpose of the arbitration agreement entered into by the other parties, particularly if the cross-claim defendants are indeed alter-egos of each other. Moreover, to allow the court proceedings to continue with respect to these defendants could lead to inconsistent results and unnecessary duplication and waste. The complications arising from this duplication and inconsistency of result can be seen where a finding that the cross-claim defendants are alter-egos might, at least arguably, bind some or all of the cross-claim defendants to contradictory results arising from the arbitration and court proceedings. Such circumstances should be avoided, and this court finds that staying proceedings pending arbitration is the appropriate means of doing so. This stay should not be construed to affect any of the proceedings on the complaint underlying the principal action in this case.

For the reasons discussed above, and after careful consideration of this matter, this court

ORDERS and ADJUDGES that the demand for arbitration is GRANTED IN PART with respect to the assertion of the cross-claim against Insurance Corporation of America and Dyna Span Corporation; all court proceedings on the cross-claim are STAYED PENDING ARBITRATION. The court further

ORDERS and ADJUDGES that the alternative motion to dismiss is deemed MOOT given the relief granted on the cross-claim defendants' demand for arbitration and motion to stay proceedings.

DONE and ORDERED.

---

4. *See* cases cited *supra* note 2.