## LA NACIONAL PLATANERA, S. C. L., v. NORTH AMERICAN FRUIT & STEAM-SHIP CORPORATION.

### No. 8034.

Circuit Court of Appeals, Fifth Circuit.

July 23, 1936.

Rehearing Denied Aug. 27, 1936.

Harry H. Smith, of Mobile, Ala., and Chas. T. Madison, of New Orleans, La., for appellant.

C. C. Inge, of Mobile, Ala., and Selim B. Lemle, of New Orleans, La., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a decree entered on the petition of appellant, plaintiff below, filed in a pending suit, praying for an order directing the parties to proceed according to a clause in the contract declared on, providing for arbitration and to stay the cause pending the result of the arbitration.

The record is unsatisfactory, but the following sufficiently appears: The action is at law to recover damages of some $20,000 for breach of a charter party, by which plaintiff hired the steamship Venator from appellee, defendant below. We will hereafter refer to the parties as they appeared in the District Court. The declaration in three counts discloses a cause of action as follows:

The vessel was represented as having a carrying capacity of approximately 20,000 bunches of bananas. Relying on that, plaintiff assembled a cargo of 14,900 bunches of bananas at Port of Mexico, on December 1, 1931, but the ship could take only 9,675, and the rest of the cargo was left on the dock, rotted, and became a total loss. The charterer had appointed an incompetent master. After the vessel was loaded he declined to put to sea promptly, without justifiable cause, with the result that the delay caused the cargo to become worthless and a total loss.

The suit was begun promptly by filing an affidavit in a state court of Alabama for an attachment, on the ground of non-

residence of the defendant, on December 26, 1931, but thereafter proceeded in a very leisurely manner. The complaint was not filed until March 17, 1932. On April 15, 1932, the suit was removed to the federal court by defendant. On June 10, 1932, demurrers to the complaint were filed, raising purely technical questions, none touching arbitration, and, so far as the record discloses, there has been no action on the demurrers and no further pleadings were filed by defendant. Nearly three months thereafter, on September 2, 1932, plaintiff moved to remand the cause to the state court. Apparently no action was taken on this motion until it was argued and submitted on May 27, 1935, nearly three years later. The motion was denied on June 5, 1935. Five months later, on November 5, 1935, plaintiff for the first time asked that the dispute be submitted to arbitration, under the provisions of a clause in the charter party which, so far as necessary to quote, is as follows: "That should any dispute arise between Owners and Charterers, the matters in dispute shall be referred to three persons in New Orleans, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision, or that of any two of them, shall be final and for the purpose of enforcing any award, this agreement may be made a rule of Court."

On December 3, 1935, the following order was entered by the District Court: "It is ordered and adjudged by the court that the prayer for the appointment of arbitrators as prayed for be, and the same is, overruled."

We are not advised by anything in the record as to the reasons of the court for entering the order.

It is suggested by defendant that there was neither a final judgment in the District Court nor an appealable interlocutory order; therefore, this court is without jurisdiction to entertain the appeal.

The case is unique and does not fall within the ruling in any reported case that we are aware of. Had the petition for arbitration been filed by defendant, an order denying that right would have been appealable under the ruling in Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 313, 79 L. Ed. 583. Had the suit been brought in admiralty, the decree would have to be treated as interlocutory and non appealable. Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989.

Here we have a suit at law in which the plaintiff claims damages for breach of contract and delays nearly four years after the cause of action accrued to demand arbitration. The judgment of the District Court is ambiguous. It rejects the request for the appointment of arbitrators but is silent as to the prayer for a stay of proceeding. Undoubtedly, plaintiff had the right to invoke the provisions of the act of February 12, 1925 (9 U.S.C.A. §§ 1 to 15), and demand arbitration. The District Court had jurisdiction to entertain that demand, notwithstanding the provision of the contract that arbitrators should be selected from persons living in New Orleans, not within the territorial jurisdiction of the Court. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., supra. The general rule is that either party to a contract of arbitration may waive it. Plaintiff in this case must be held to have waived the provision of arbitration initially by bringing suit for damages without relying upon it. However, it had the right to dismiss and abandon that suit at any time before final judgment and bring a new suit to enforce the clause for arbitration. But it is doubtful that it was entitled to an order staying its own suit to permit it to belatedly try to enforce arbitration. The judgment appealed from does not stay that suit and it remains pending but clearly it denies the request for arbitration, which must be treated as a separate demand. To that extent we consider it in effect a final judgment and appealable.

It does not follow from what has been said above that plaintiff is entitled to relief upon this appeal. Section 3 of the United States Arbitration Act is as follows: "Stay of proceedings where issue therein referable to arbitration. If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. (Feb.

12, 1925, c. 213, § 3, 43 Stat. 883.)" 9 U.S.C.A. § 3.

Under a reasonable construction of that section of the act the District Court was vested with discretion to deny the prayer for the reference of the dispute to arbitrators as well as to refuse to stay the suit if he considered plaintiff was in default in proceeding with the arbitration. We have no hesitancy in deciding that by bringing the action at law to recover damages, ignoring the provisions of the charter party for arbitration, and then delaying for nearly four years before attempting to invoke arbitration, plaintiff was so much in default that he was not entitled to demand arbitration.

The judgment is affirmed.