CITY OF NAPLES, Plaintiff-Appellee,

v.

The PREPAKT CONCRETE COMPANY and American Employers' Insurance Company, Defendants-Appellants.

No. 73–1367.

United States Court of Appeals, Fifth Circuit.

May 23, 1974.

**512**

Mark Hicks, Miami, Fla., for American Employers' Ins. Co.

John C. Ausley, Tallahassee, Fla., Leslie A. Hynes, New York City, for Prepakt Concrete Co.

Carl R. Pennington, Jr., Tallahassee, Fla., Charles K. Allan, Naples, Fla., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion February 22, 1974, 5 Cir., 1974, 490 F.2d 182).

Before THORNBERRY, GODBOLD and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

The City's petition for rehearing questions the correctness of the holding that the arbitration order of the District Court for the Southern District of Florida was appealable and that the City is time-barred from now appealing therefrom. The petition relies upon Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1934), for the proposition that an order granting arbitration is interlocutory and reviewable only upon appeal from final decree. Two years after *Schoenamsgruber* was decided this circuit noted that that decision was in an admiralty case and held that an order denying a § 4 petition to compel arbitration, entered in a suit at law claiming damages for breach of contract, was a final judgment and appealable. La Nacional Platanera v. North American Fruit & Steamship Corp., 84 F.2d 881 (CA5, 1936). For a statement of reasons supporting the correctness of our analysis of *Schoenamsgruber* see The Sydfold, 25 F.Supp. 662 (S.D.N.Y.1938). In *La Nacional* the order denied arbitration while in the instant case it granted arbitration. The latter is an *a fortiori* situation—the court by deliberative act has set in motion the arbitration, and the arbitrators take over the controversy and dispose of it subject only to possible application to a court to vacate or to enforce the award. For a discussion of the "functional" finality of an arbitration-compelling order see Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 62 F.2d 1004 (CA2, 1933).[1]

There are policy reasons pro and con in holding for appealability of orders entered under § 4, and at least one other circuit has held them appealable under neither 28 U.S.C. § 1291 nor *id.* § 1292(a)(1). Blount Bros. Construction Co. v. Troitino, 127 U.S.App.D.C. 99, 381 F.2d 267 (1967).[2] But in this area of the law where there are "medieval if not Byzantine peculiarities," New England

---

1. Shanferoke Coal & Supply Corp. v. Westchester Service Corp., 293 U.S. 449, 55 S.Ct. 78, 79 L.Ed. 583 (1935), is not contrary to our holding. There an order denying a stay pending arbitration was held not final, although it was deemed appealable as an interlocutory injunction within the meaning of 28 U.S.C. § 1292(a)(1). The present case concerns not a 9 U.S.C. § 3 stay order alone, but a § 4 arbitration order, which stands on a different footing. See The Sydfold, 25 F.Supp. at 663; New England Power Co. v. Asiatic Petroleum Co., 456 F.2d 183, 188 (CA1, 1972). Since the arbitration-compelling order was final, all that had gone before, including the stay order and the denial of the motion to remand, merged with

it and became mandatorily appealable. See 9 Moore's Federal Practice ¶ 110.07 at 109, text accompanying note 13.

2. See also Standard Chlorine of Delaware v. Leonard, 384 F.2d 304 (CA2, 1967), in which the Second Circuit rationalized its previously inconsistent decisions by distinguishing between the case where the § 4 order is entered in an independent proceeding and that where entered as a collateral matter in a pending case. And see Goodall-Sanford, Inc. v. United Textile Workers, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1953) (order directing arbitration under § 301(a) of the Taft-Hartley Act held appealable as final order).

Power Co. v. Asiatic Petroleum Corp., 456 F.2d 183 at 189 (CA1, 1972), this circuit has spoken.

We, therefore, amend the third from the last paragraph of our opinion [490 F.2d 182] so as to read as follows:

We are not persuaded by the City's insistence that it will have to appeal in two circuits in order to secure review of all the issues in the case. The arbitration order was an appealable final order within the meaning of 28 U.S.C. § 1291. See La Nacional Platanera v. North American Fruit & Steamship Corp., 84 F.2d 881 (CA5, 1936). Since the time for appealing it has long since run out, the City has lost its right to have it reviewed. The denial of the motion to remand, although it would not have been immediately appealable standing alone, merged with the final arbitration order and became reviewable. Thus time has run out on it, too.

Also we delete footnote 7 [p. 184].

On the basis of our opinion as amended and as supplemented by this order, the petition for rehearing is denied.