791 F.2d 850
 55 USLW 2052, Fed. Sec. L. Rep. P 92,783
 David MILLER, Plaintiff-Appellant,
v.
DREXEL BURNHAM LAMBERT, INC., David Sullivan, Defendants-Appellees.
Elliot VARON, Plaintiff,
v.
DREXEL BURNHAM LAMBERT, INC., David Sullivan, Defendants.
Clint RAMSDEN, Plaintiff,
v.
DREXEL BURNHAM LAMBERT, INC., David Sullivan, Defendants.
 No. 85-5692.
 United States Court of Appeals,
Eleventh Circuit.
 June 17, 1986.
 
 Russell L. Forkey, Cara L. Eisenberg, Fort Lauderdale, Fla., for plaintiff-appellant.
 Edward J. Marko, Fort Lauderdale, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before FAY, CLARK and NIES*, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant-plaintiff David Miller brings this appeal from a district court order compelling arbitration of certain federal securities and state common law claims. Appellant had brought suit against his broker, appellee David Sullivan, and Sullivan's employer, appellee Drexel Burnham Lambert, Inc. for violations of the 1933 and 1934 Securities Acts[1] as well as for breach of fiduciary duty. Appellant had accused his broker of diverting $50,000 from appellant's money market account to unauthorized margin purchases of speculative stock. When the case was fifteen months old, it was consolidated with two similar cases and appellant filed an amended complaint. In response, appellees filed motions to compel arbitration pursuant to the parties' brokerage agreements and to stay judicial proceedings pending arbitration. Those motions were denied with respect to appellant's claims, on the grounds that appellees had waived their rights to arbitrate. Several months later, however, the district court ordered sua sponte that the 1934 Act claim and the fiduciary duty claim should proceed to arbitration. Appellant contends that the district court erred in compelling arbitration and vacating its previous order.
 
 
 2
 Appellant's argument presents three issues for our consideration: first, whether the district court improperly ignored its previous finding that appellees had waived their rights to arbitration; second, whether the district court erred as a matter of law in ordering arbitration of claims under the Securities Exchange Act of 1934; and third, whether appellant's claim of unconscionability in the parties' brokerage agreement should prevent arbitration of any claims. Before discussing these issues, we raise a fourth: whether this court has jurisdiction to review a district court order compelling arbitration.
 
 
 3
 Ordinarily, this court's jurisdiction is confined to review of final judgments. Certain orders compelling arbitration are indeed final under 28 U.S.C. Sec. 1291 because they completely dispose of all issues before the district court. The classic example is that of an action brought solely to obtain an arbitration order pursuant to Sec. 4 of the Federal Arbitration Act, 9 U.S.C. Sec. 4. See, e.g., N.V. Maatschappij Voor Industriele Waarden v. A.O. Smith Corp., 532 F.2d 874 (2d Cir.1976). Also considered final are arbitration orders issued on motion of a defendant in a pending suit. So long as the motion directs all claims to arbitration, typically pursuant to a contractual agreement to arbitrate, the order is final under Sec. 1291 even if not issued in an independent Sec. 4 proceeding. See, e.g., Coastal Industries, Inc. v. Automatic Steam Products Corp., 654 F.2d 375 (5th Cir. Unit B 1981); City of Naples v. Prepakt Concrete, 494 F.2d 511 (5th Cir.1974). But see Matterhorn, Inc. v. NCR Corp., 763 F.2d 866 (7th Cir.1985) (order granting or denying arbitration is not final if made in a pending suit).
 
 
 4
 The case at hand does not fit into either of these categories, however, since the motion for arbitration arose in a pending suit but no order compelling arbitration could dispose of all the claims. Appellant's claim under Sec. 12(2) of the 1933 Act is clearly not arbitrable because Sec. 14 of that Act prohibits waiver of the right to litigate any claims arising under the 1933 Act. See Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Thus, the order in this case cannot be final under Sec. 1291 and the question remains whether it is reviewable under any exception to the finality requirement.
 
 
 5
 We believe that an order compelling arbitration of some, but not all, claims in a pending suit is nevertheless reviewable under Sec. 1292(a)(1). This section provides jurisdiction for appeals of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." An order compelling arbitration has the obvious practical effect of enjoining any further judicial proceedings on the arbitrable claims, regardless of whether non-arbitrable claims are also stayed.[2] Yet, the practical effect of an injunction is not always enough to satisfy Sec. 1292(a)(1), for any order compelling an action functions as a mandatory injunction. An order compelling arbitration, however, is deemed to be an injunction whenever the order is granted in an action which would have been an action at law prior to the fusion of law and equity. See Sweater Bee By Banff v. Manhattan Industries, 754 F.2d 457, 460 n. 2 (2d Cir.), cert. denied, --- U.S. ---, 106 S.Ct. 68, 88 L.Ed.2d 55 (1985); Langley v. Colonial Leasing Co., 707 F.2d 1, 5 (1st Cir.1983).
 
 
 6
 This result derives from the much maligned but still controlling Enelow-Ettelson doctrine,[3] which holds that in actions at law, an order granting or denying a stay based on an "equitable defense" is immediately appealable as an order granting or denying an injunction. See Langley, supra at 2. Here the underlying action is "legal" and arbitration is interposed as an equitable defense. We recognize that the order at issue is not precisely within Enelow-Ettelson since it is an order to compel arbitration rather than a stay pending such proceedings. Nonetheless, we concur in the First Circuit's observation that for purposes of this doctrine, there is no "principled distinction" between stays and orders to compel arbitration. See id. at 5. The Federal Arbitration Act authorizes motions both for stays and for orders to arbitrate. Both types of orders are frequently appealed from together, and the propriety of either one raises substantially the same issues on review. Any rule holding one immediately appealable and the other not would be easily circumvented. Consequently, we hold that orders to compel arbitration are immediately appealable under the Enelow-Ettelson doctrine.
 
 
 7
 Having resolved this jurisdictional issue, we proceed to the merits of an order compelling arbitration of a 1934 Act claim and a common law breach of fiduciary duty claim. Appellant contends that the order is erroneous because the district court had already found appellees had waived their contractual rights to arbitrate. In its order of June 12, 1985, the trial court did make a finding of waiver and that finding was affirmed in a subsequent order of July 24. In its July 31 order, the trial court did not vacate its finding of waiver. It simply held that the federal policy in favor of arbitration overrides a waiver and therefore arbitration should ensue. The district court was incorrect in suggesting that one cannot waive a right to arbitrate under the Federal Arbitration Act. Despite the federal preference for arbitration rather than litigation, waiver has long been recognized in the federal scheme. See, e.g., La Nacional Platanera, S.C.L. v. North American Fruit & Steamship Corp., 84 F.2d 881 (5th Cir.1936); E.C. Ernst, Inc. v. Manhattan Construction Co., 551 F.2d 1026, 1040 (5th Cir.1977). Consequently, the district court was wrong in ordering arbitration without withdrawing its finding of waiver. Nonetheless, we cannot vacate the order on that ground, since we agree with appellees that the initial finding of waiver was erroneous.
 
 
 8
 Appellant's original complaint was filed on December 13, 1983 and alleged federal and common law claims based on a common nucleus of operative facts. As the law of this circuit stood at that time, appellees could not have obtained an order compelling arbitration of any of these claims, despite the fact that the state law claim was clearly arbitrable. When arbitrable claims were joined with non-arbitrable claims, and all were "inextricably intertwined" on a factual basis, arbitration of any claim was generally denied "in order to protect the jurisdiction of the federal court and avoid any possible preclusive effect." Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023 (11th Cir.1982). Until this rule was overturned by the Supreme Court on March 4, 1985, see Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158, any motion to compel arbitration would almost certainly have been futile. This circuit does not require a litigant to engage in futile gestures merely to avoid a claim of waiver. See Belke, supra. Thus, appellees' failure to request arbitration prior to the Byrd decision is irrelevant to the issue of waiver. Subsequent to that decision, appellees delayed only two and a half months in making their request. Much of that delay is attributable to consolidation of the cases and appellant's filing of an amended complaint. In light of these facts, we find no waiver of the right to arbitrate.
 
 
 9
 Notwithstanding appellees' continuing rights to a non-judicial forum, we must vacate that portion of the district court order which compels arbitration of the 1934 Act fraud claim. Under the rule of Belke, supra, no claims based on the federal securities acts are arbitrable. Nothing in Dean Witter v. Byrd holds otherwise since the Supreme Court expressly declined to reach arbitrability of 1934 Act claims. See Byrd, supra at 1240 n. 1. Belke remains the law of this circuit, and therefore the only claim which may be arbitrated is the state law claim for breach of fiduciary duty. See Gorman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 780 F.2d 1032, slip op. at 3 (11th Cir.1985).
 
 
 10
 Appellant argues, however, that not even a single issue should be arbitrated in this case. He claims that the arbitration clause in the parties' brokerage agreement was invalid as an adhesion contract. Consequently, an indispensable prerequisite to arbitration is lacking. Appellant is correct in noting that a court may not order arbitration until it is satisfied that a valid arbitration agreement exists. See 9 U.S.C. Sec. 4. In making this determination, the district court must observe the following distinction. Any claim of fraud, duress or unconscionability in the formation of the arbitration agreement is a matter for judicial consideration. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Allegations of unconscionability in the contract as a whole, however, are matters to be resolved in arbitration. See id.; Merrill Lynch, Pierce, Fenner & Smith v. Haydu, 637 F.2d 391 (5th Cir. Unit B 1981). Thus, appellant's claim bars arbitration only if it goes to the arbitration clause itself and not the whole contract.
 
 
 11
 Having framed the issue, we find that we cannot conclusively decide it based on the record before us. Appellant's "allegations" of unconscionability are not found in the pleadings, probably because arbitration was an unlikely defense under prevailing case law. Appellant did argue unconscionability in his memorandum opposing appellees' motion to compel arbitration, but the district court never held a hearing on the claim nor did it reach the issue in any of its orders. Consequently, we have only appellant's generalized assertions of unequal bargaining power and fundamental unfairness. Therefore, we remand this case to the district court for a more thorough exploration of the issue and the district court's considered opinion as to the precise nature and sufficiency of appellant's allegations of unconscionability.
 
 
 12
 AFFIRMED IN PART, REVERSED IN PART and REMANDED.
 
 
 
 *
 Honorable Helen W. Nies, U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 Specifically, appellant alleged violations of section 12(2) of the Securities Act of 1933 (the 1933 Act) and section 10(b) and Rule 10b-5g of the Securities Exchange Act of 1934 (the 1934 Act)
 
 
 [2]
 In this case, appellee never sought review of the denial of stay or the denial of arbitration. Appellant had no reason to contest the denial of stay either, at least not until arbitration was ordered. By that time, however, the right to appeal the denial of stay had lapsed. Consequently, we have before us the uncommon case of an appeal solely from an order compelling arbitration
 
 
 [3]
 See Enelow v. New York Life Insurance Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); Ettelson v. Metropolitan Life Insurance Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942). For a concise criticism of the rule, see Matterhorn, Inc., supra at 870-71 (Posner, J.). Despite Judge Posner's apt criticism, Enelow-Ettelson is alive and well in this circuit by virtue of binding precedent. See Coastal Industries, Inc., supra. For the reasons set out above, we feel compelled to apply it in this case