**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11100

————————————

APM TERMINALS MOBILE, LLC,

*Plaintiff-Appellee,*

*versus*

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, LOCAL UNION 1410,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:23-cv-00332-C

————————————

Before WILLIAM PRYOR, Chief Judge, and LAGOA and KIDD, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This interlocutory appeal requires us to decide whether an order denying a motion to compel arbitration is appealable under

the collateral-order doctrine. APM Terminals Mobile, LLC, entered into a collective bargaining agreement with Local 1410, a union of longshoremen. Following a disruption in operations, APM sued the union for breaching the no-strike provision of the agreement. The union moved the district court to refer the dispute to arbitration under the agreement. The district court denied the motion. Because the order regarding arbitration is not appealable, we dismiss for lack of jurisdiction.

## I. BACKGROUND

APM conducts stevedoring operations at the Port of Mobile, Alabama. The union represents longshore employees who move cargo for APM daily. APM depends on the union to ensure the smooth movement of cargo to and from the port.

The union's work for APM is governed by a collective bargaining agreement. Article 4 of the agreement provides that APM will not lockout union members and that union members will not strike. It also permits the parties to "seek[] equitable relief" to remedy an alleged lockout or strike "immediately," or to "institute [a] judicial or administrative action . . . for damages" upon the satisfaction of certain conditions precedent. Article 5 separately provides that "[a]ll grievances or disputes arising from the application, interpretation or alleged violation" of the collective bargaining agreement "shall be settled" by a multi-step process outside of court. The final step of that process is arbitration.

While the collective bargaining agreement was in effect, APM filed an action in an Alabama court alleging that union

members had "commenced a strike." APM filed its complaint on the first day of the alleged strike and moved for a temporary restraining order. The state court entered a restraining order the next day, and the strike ended two days later. After the union removed the action to the district court, APM filed an amended complaint seeking damages for the strike. In addition to alleging that the union had violated Article 4 of the collective bargaining agreement, APM alleged that "[e]ach of the conditions precedent for instituting [a] judicial action to recover monetary damages under the no-strike provision ha[d] been satisfied."

The union moved to compel arbitration. The district court denied the motion after concluding that Article 4 permitted APM to seek "monetary damages . . . in court." With APM's damages action still pending, the union filed an interlocutory appeal of the order denying arbitration. APM moved to dismiss the appeal for lack of jurisdiction, and we carried the motion with the case.

## II. STANDARD OF REVIEW

We decide our appellate jurisdiction in the first instance. *United States v. Cody*, 998 F.3d 912, 914 (11th Cir. 2021).

## III. DISCUSSION

"We have a threshold obligation to ensure that we have jurisdiction to hear an appeal." *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (citation and internal quotation marks omitted). Ordinarily, our jurisdiction is limited to appeals from "final decisions of the district courts" that "end[] the litigation on the merits and leave[] nothing more for the [district] court to do but

execute the judgment." *SmileDirectClub, LLC v. Battle*, 4 F.4th 1274, 1277–78 (11th Cir. 2021) (en banc) (citations and internal quotation marks omitted). This appeal does not fit that mold. The operative complaint seeks damages and a ruling that the union breached the parties' no-strike agreement, yet the order on appeal only requires the union to remain in federal court instead of pursuing its defenses in arbitration. Litigation on the merits has not "end[ed]," and there remains much "more for the [district] court to do." *Id.* at 1278 (citation and internal quotation marks omitted).

Unable to rely on traditional finality principles, the union initially asserted that we have jurisdiction under the Federal Arbitration Act. It later argued in response to the motion to dismiss that we have jurisdiction under the Labor Management Relations Act and the collateral-order doctrine. We address and reject these three arguments in turn.

First, we lack jurisdiction under the Federal Arbitration Act. Although section 16 of the Act permits interlocutory appeals from certain orders "denying a petition [for] . . . arbitration to proceed," 9 U.S.C. § 16(a)(1)(B), section 1 provides that "nothing" in the Act "shall apply to contracts of employment of . . . [a] class of workers engaged in foreign or interstate commerce," *id.* § 1. We have long held that "collective bargaining agreements are 'contracts of employment' within the meaning of the [section 1] exclusion." *Am. Postal Workers Union v. USPS*, 823 F.2d 466, 473 (11th Cir. 1987). And the Supreme Court recently held that "workers who physically load and unload cargo on and off airplanes on a frequent basis" are

"engaged in foreign or interstate commerce" under the exclusion. *Sw. Airlines Co. v. Saxon*, 142 S. Ct. 1783, 1789 (2022). There is no material distinction between the airline workers in *Saxon* and the longshoremen here. As the district court explained and the parties do not dispute, the union "represents longshore employees" who help APM "load[] and discharge . . . containerized cargo in the Port of Mobile" for interstate transportation. The exclusion in section 1 applies to collective bargaining agreements governing these employees, so the provision for interlocutory appeal in section 16 does not.

Second, we lack jurisdiction under the Labor Management Relations Act. The union points to section 301 of that Act, 29 U.S.C. § 185, which "authorizes federal courts to fashion a body of federal law for the enforcement of . . . collective bargaining agreements." *Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 450–51, 456–57 (1957). But section 301 says nothing about interlocutory appeals, and the union fails to identify any authority holding that section 301 alters longstanding principles of finality for appellate jurisdiction. The union instead cites a decision reviewing an "order directing arbitration" under a collective bargaining agreement where arbitration was "the full relief sought." *Goodall-Sanford, Inc. v. United Textile Workers, Local 1802*, 353 U.S. 550, 551 (1957). Unlike the plaintiff in *Goodall-Sanford*, which sought "specific performance of a grievance arbitration provision" and nothing more, *id.* at 550–51, APM filed an action for damages that is "still pending in the district court," *ConArt, Inc. v. Hellmuth, Obata + Kassabaum, Inc.*, 504

F.3d 1208, 1210 (11th Cir. 2007). We have held that orders regarding arbitration are not "final" in these circumstances. *Id.* at 1209–10.

Third, we lack jurisdiction under the collateral-order doctrine. To invoke the doctrine, an appellant must establish that the appealed order "conclusively determine[d] the disputed question" and "resolve[d] an important issue completely separate from the merits of the action" that would "be effectively unreviewable on appeal from a final judgment." *SmileDirectClub*, 4 F.4th at 1278 (citation and internal quotation marks omitted). We apply these criteria to "the entire category to which [an order] belongs," not to "the specific case under consideration." *Id.* at 1282 (citation and internal quotation marks omitted). And we have explained that parties seeking review under the collateral-order doctrine "face[] a high bar." *Acheron*, 22 F.4th at 989.

Interlocutory orders declining to compel arbitration do not clear this bar. We so held decades ago because "[a]n erroneous denial of arbitration . . . may be reversed on appeal from the final judgment of the underlying claim . . . and remanded for arbitration." *Admin. Mgmt. Servs., Ltd. v. Royal Am. Managers, Inc.*, 854 F.2d 1272, 1277–78 (11th Cir. 1988). We reached a similar conclusion when considering "[a]n order refusing to enjoin an arbitration" because it "can be reviewed after final judgment is entered in the case following the conclusion of arbitration." *ConArt*, 504 F.3d at 1211.

The Supreme Court has consistently "emphasiz[ed]" that the collateral-order doctrine is "modest [in] scope." *Will v. Hallock*, 546 U.S. 345, 350 (2006) (citing *Digit. Equip. Corp. v. Desktop Direct,*

*Inc.*, 511 U.S. 863, 868 (1994)). Indeed, shortly after our decision in *Administrative Management Services*, the Supreme Court held that the collateral-order doctrine is unavailable when a district court declines to enforce a forum-selection clause. *See Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 496, 501 (1989). And "arbitration clauses are but a subset of . . . forum selection clauses." *Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 534 (1995).

The union suggests that we can apply the collateral-order doctrine here because federal labor law reflects a "strong policy favoring arbitration as an expeditious means" of restoring "industrial peace." But the Supreme Court has explained that "labor disputes," like other disputes, cannot be arbitrated unless "the parties have agreed" to arbitrate. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 300, 302 (2010) (citation and internal quotation marks omitted); *see* 29 U.S.C. § 171(b). And private agreements "are [not] likely . . . to supply the basis of a collateral order appeal." *Acheron*, 22 F.4th at 990 (citation and internal quotation marks omitted). In any event, "[t]he crucial question" under the collateral-order doctrine is not whether labor interests are "important in the abstract," but "whether deferring review until final judgment so imperils th[ose] interest[s] as to justify the cost of allowing immediate appeal[s]" every time a district court denies arbitration under a collective bargaining agreement. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009). The union cannot establish the required harm because other "potential avenues" exist to resolve disputes and lessen industrial strife. *Id.* at 110; *Acheron*, 22 F.4th at 991. As the union acknowledges, temporary restraining orders and

preliminary injunctions can provide "immediate relief to preserve the status quo." *See* FED. R. CIV. P. 65. Indeed, it was a temporary restraining order that helped resolve the alleged strike in this case in a matter of days, months before the union requested arbitration.

The union also asserts that Congress "superseded" our holding in *Administrative Management Services* when it enacted section 16 of the Arbitration Act. But Congress declined to extend section 16 to the arbitration agreement at issue. *See* 9 U.S.C. § 1. And we fail to see how a statute that does not govern this appeal permits us to exercise jurisdiction under the "stringent" criteria for collateral orders. *Digit. Equip. Corp.*, 511 U.S. at 868; *cf. United Steel Workers Int'l Union v. Wise Alloys, LLC*, 642 F.3d 1344, 1353–54 (11th Cir. 2011) ("borrow[ing]" limitations period from the Arbitration Act only where existing law was "silent"). Even for arbitration agreements covered by section 16, the decision by Congress to permit interlocutory review of certain orders denying arbitration does not establish that the orders are "effectively unreviewable on appeal from a final judgment." *SmileDirectClub*, 4 F.4th at 1278 (citation and internal quotation marks omitted). In other words, nothing in section 16 disturbs our holding that "erroneous denial[s] of arbitration" can receive meaningful review at the conclusion of the case. *Admin. Mgmt. Servs.*, 854 F.2d at 1278.

Because there is no basis for interlocutory review, we lack jurisdiction to hear this appeal. "Lacking jurisdiction, we express no opinion on the merits." *Finn v. Cobb Cnty. Bd. of Elections &*

24-11100                    Opinion of the Court                    9

*Registration*, 111 F.4th 1312, 1320 (11th Cir. 2024). We grant the motion to dismiss the appeal.

## IV. CONCLUSION

We **DISMISS** this appeal for lack of appellate jurisdiction.