Brian M. CRIST, et al.,
Plaintiffs–Appellees,

v.

Donald J. MILLER and Merrill Lynch,
Pierce, Fenner & Smith, Inc.,
Defendants–Appellants.

No. 88–1220.

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 1988.
Decided June 1, 1988.

James G. Howard, Kluwin, Dunphy, Hinshaw & Culbertson, Milwaukee, Wis., for defendants-appellants.

Christopher T. Kolb, Halling & Cayo, S.C., Milwaukee, Wis., for plaintiffs-appellees.

Before POSNER, COFFEY and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

On March 22, the Supreme Court overruled the *Enelow–Ettelson* doctrine, which had allowed the immediate appeal under 28 U.S.C. § 1292(a)(1) of orders granting or denying an equitable stay in a suit at law. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* — U.S. —, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). We asked the appellants in the present case why the appeal should not be dismissed on the authority of *Gulfstream.* Defendants in a suit for securities fraud, they had asked the district court to order the plaintiffs to arbitrate a number of issues and to stay judicial proceedings pending the arbitration. The court refused.

█ Under the regime of *Enelow–Ettelson* the denial of an order to arbitrate was not appealable but the denial of a stay of judicial proceedings pending arbitration was. *Matterhorn, Inc. v. NCR Corp.,* 763 F.2d 866, 871 (7th Cir.1985). No more—at least under section 1292(a)(1). The appellants, however, argue that it is appealable under the collateral order doctrine, whereby a nonfinal order is deemed final for purposes of appeal under 28 U.S.C. § 1291 ("final decisions") if it (1) conclusively determines an issue (2) separate from the merits of the litigation, and if postponing review until there is a final judgment in the litigation would (3) irrevocably harm the appellant. See, e.g., *In re Lytton's,* 832 F.2d 395, 401–03 (7th Cir.1987); *Palmer v. City of Chicago,* 806 F.2d 1316, 1318–19 (7th Cir.1986).

█ The Supreme Court in *Gulfstream* left open the possibility that the denial of a motion to stay judicial proceedings (sought in that case because a parallel proceeding was pending in state court, in this case because of the arbitration clause in the appellants' contracts with their customers, the plaintiffs) might in a particular case be appealable as a collateral order. See 108 S.Ct. at 1143. But the appellants here have made only a perfunctory effort to show that the denial of their application for stay is a collateral order. The issue of arbitrability may well be completely separate from the merits of the fraud claims, but there is no showing that it cannot be effectively reviewed after a final judgment for the appellees if one is entered. If it turns out that the appellants had a valid contractual right to arbitrate the claims, the judgment will be set aside and the matter referred to arbitration. There will be waste motion, no doubt, but that is always true when a sound defense interposed early in a litigation is erroneously rejected. It is the price we pay for having a final-judgment rule. The exceptions to the rule are narrow, and do not include mere inconvenience to a party wanting to take an interlocutory appeal. The ordinary incidents of litigation—the time and other resources consumed—do not constitute irreparable harm. See *Paine Webber Inc. v. Farnam,* 843 F.2d 1050, 1051–52 (7th Cir.1988), and cases cited there.

In the period when orders granting or denying stays of judicial proceedings to allow arbitration to proceed were appealable under section 1292(a)(1) by virtue of the *Enelow–Eggelson* doctrine, the question whether they might alternatively be appealable as collateral orders arose rarely. When it did arise, though, it was answered "no," see *Langley v. Colonial Leasing Co.,* 707 F.2d 1, 4 (1st Cir.1983); *Hartford Fi-*

*nancial Systems, Inc. v. Florida Software Services, Inc.*, 712 F.2d 724, 729 (1st Cir. 1983); *In re Hops Antitrust Litigation*, 832 F.2d 470, 472–73 (8th Cir.1987), and that is the answer we give today on the basis of the showing made by the appellants.

The appeal is dismissed.