**RAUSCHER PIERCE REFSNES, INC.,**
**Plaintiff–Appellant,**

v.

**Dennis H. BIRENBAUM, et al.,**
**Defendants–Appellees.**

No. 88–1231

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1988.

Bruce W. Collins, Richard Rohan, Erika Chilman, Carrington, Coleman, Sloman & Blumenthal, Dallas, Tex., for plaintiff-appellant.

Robert W. Blair, Law, Snakard & Gambill, Ft. Worth, Tex., for Dennis and Beth Birenbaum.

Before REAVLEY, POLITZ and JONES, Circuit Judges.

REAVLEY, Circuit Judge:

■ This appeal raises the issue of whether this court has appellate jurisdiction over an interlocutory order denying a motion to stay proceedings pending arbitration. We dismiss.

In June 1986 appellees Dennis and Beth Birenbaum executed customer agreements designating appellant Rauscher Pierce Refsnes, Inc. (RPR) as their broker for the purchase and sale of securities in the Birenbaums' accounts with RPR. In February 1987 a dispute arose between the parties, and the Birenbaums alleged that an RPR broker made unauthorized trades in the Birenbaums' accounts.

The customer agreement provided that the parties must arbitrate any controversy relating to the contract; the arbitration clause also stated that "[n]otwithstanding the foregoing, you are not required to arbitrate any dispute or controversy that arises under Federal Securities Laws, but instead can resolve any such dispute or controversy through litigation in the courts." The parties dispute the legal effect of the latter statement. After the Birenbaums threatened suit under the Federal Securities Laws and under state law, RPR filed an action for declaratory judgment requesting the court to declare its rights to arbitrate all matters in dispute, or alternatively, to declare its rights, duties, and liabilities under the Securities Exchange Act of 1934.

RPR then filed a motion under the Federal Arbitration Act, 9 U.S.C. § 3, asking that the court "enter an order in this action staying proceedings pending arbitration of the claims asserted." The Birenbaums answered the complaint and asserted counterclaims under the Securities Exchange Act of 1934 and under state law. The magistrate to whom the motion was referred

recommended that the motion to stay be denied. The district court adopted the report and recommendation of the magistrate. RPR then filed this appeal from the denial of the stay. We hold that we do not have jurisdiction to hear this appeal.

Courts of appeals have jurisdiction over appeals from interlocutory orders granting or denying injunctions. 28 U.S.C. § 1292(a)(1). Until recently, the *Enelow–Ettelson* doctrine made the grant or denial of a stay of an action at law pending arbitration automatically appealable under § 1292(a)(1). *Ettelson v. Metropolitan Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935); *see also Jackson Brewing Co. v. Clarke*, 303 F.2d 844 (5th Cir.), *cert. denied*, 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962). This year the Supreme Court repudiated the *Enelow–Ettelson* doctrine in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), holding that "orders granting or denying stays of 'legal' proceedings on 'equitable' grounds are not automatically appealable under § 1292(a)(1)," 108 S.Ct. at 1142.

The *Enelow–Ettelson* doctrine had long been criticized by scholars and by the courts of appeals. One of the most eloquent and forceful attacks on the doctrine in this circuit is Judge Rubin's dissent in *Mar–Len of Louisiana, Inc. v. Parsons–Gilbane*, 732 F.2d 444 (5th Cir.1984). Given the Supreme Court's recent reversal of that doctrine and its citation of Judge Rubin's dissent, 108 S.Ct. at 1142, the appellant argues that Judge Rubin's opinion is now authoritative in this circuit. The *Mar–Len* case involved an order falling

outside of the *Enelow–Ettelson* doctrine, a stay of an equitable action pending arbitration, and the majority dismissed the appeal for want of jurisdiction. 732 F.2d at 445. Judge Rubin argued that the *Enelow–Ettelson* doctrine should be abandoned because its distinctions between actions at law and equitable actions were artificial and outmoded and that the appeal should be heard because of the strong policy favoring arbitration.[1] *Id.* at 446–47. Thus Judge Rubin would have abandoned the distinctions between law and equity in the *Enelow–Ettelson* doctrine to expand appellate jurisdiction; but that was not the holding of the Supreme Court. The demise of the *Enelow–Ettelson* doctrine makes the majority opinion in *Mar–Len* controlling for all orders granting or denying a stay under 9 U.S.C. § 3, whether or not that order falls within the action at law category carved by the old *Enelow–Ettelson* doctrine.

After overturning the cases that established the *Enelow–Ettelson* doctrine, the Court noted that its holding "will not prevent interlocutory review of district court orders when such review is truly needed."

Section 1292(a)(1) will, of course, continue to provide appellate jurisdiction over orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have " 'serious, perhaps irreparable, consequence.' " As for orders that were appealable under § 1292(a)(1) solely by virtue of the *Enelow–Ettelson* doctrine, they may, in appropriate circumstances, be reviewed under the collateral-order doctrine of § 1291, and the permissive appeal provision of § 1292(b) as well as by application for a writ of mandamus.

---

1. Judge Rubin's point about the federal policy favoring arbitration is well-taken and is repeatedly urged by the appellants, but that federal policy cannot confer additional jurisdiction on a court of appeals. The appellants may be put to some additional expense and wasted effort if they are forced to litigate a claim that must ultimately be arbitrated, but as Judge Posner recently noted, "that is always true when a sound defense interposed early in a litigation is erroneously rejected. It is the price we pay for having a final-judgment rule." *Crist v. Miller*,

846 F.2d 1143, 1144 (7th Cir.1988). Furthermore, expanding appellate jurisdiction to include orders affecting arbitration would just as often cut against the federal policy favoring arbitration because parties would be allowed to appeal rather than arbitrate when the stay is granted. In either case, allowing appeals of such stays would work against the stronger federal policy against piecemeal appeals. *See Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 178, 75 S.Ct. 249, 251, 99 L.Ed. 233 (1955).

*Gulfstream Aerospace Corp. v. Mayaca-mas Corp.*, 108 S.Ct. at 1142–43 (citations and footnotes omitted). Appellant argues that the district court's order is appealable because the denial of a stay of proceedings pending arbitration has the same practical effect as the denial of an injunction. This reading of the *Gulfstream* case would revive the *Enelow–Ettelson* doctrine under another name and flatly contradict the Supreme Court's holding that stays "are not automatically appealable under § 1292(a)(1)." The Court clearly did not intend by its citation of the same practical effect test to save any "orders that were appealable under § 1292(a)(1) solely by virtue of the *Enelow–Ettelson* doctrine"; stays of legal proceedings pending arbitration unquestionably fall within that category. *See Municipal Energy Agency v. Big Rivers Elec. Corp.*, 804 F.2d 338, 341 (5th Cir.1986); *Mar–Len of Louisiana, Inc. v. Parsons–Gilbane*, 732 F.2d at 445. The question is not whether a stay can have the same result as an injunction, but whether the stay has the effect of denying an injunction—such as when a court stays proceedings in which one party seeks a preliminary injunction. *E.g., Gray Line Motor Tours, Inc. v. City of New Orleans*, 498 F.2d 293, 298 (5th Cir.1974); *see also Carson v. American Brands, Inc.*, 450 U.S. 79, 83–84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981) (holding that the denial of a motion to enter a consent decree containing injunctive relief had the same practical effect as denying an injunction). In fact, an order by a federal court "that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream*, 108 S.Ct. at 1138. Thus an order termed an "injunction" that functions merely as a stay of proceedings within the court issuing it is not appealable. *Hamilton v. Robertson*, 854 F.2d 740 (5th Cir.1988).

Moreover, an interlocutory order with the same practical effect as granting or denying an injunction is appealable under § 1292(a)(1) only if a party shows that the order has serious, perhaps irreparable, consequence. *Carson v. American Brands,*

*Inc.*, 450 U.S. at 84, 101 S.Ct. at 996. Thus, when failure to hear an appeal of an interlocutory order effectively denies the party any review of the denial of the requested injunctive relief, an appeal will lie under § 1292(a)(1). In this case, however, not only must the district court reconsider the arbitration question in deciding the appellant's declaratory judgment action, but the final judgment of the district court may be set aside on appeal in favor of arbitration. The denial of the stay in this case does not entail any serious or potentially irreparable consequences. *Cf. Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966) (holding that the denial of a motion for summary judgment containing a request for permanent injunctive relief, although having the same practical effect as a denial of permanent injunctive relief, was not appealable because the relief was available after the trial).

■ RPR alternatively argues that the denial of the stay is appealable under the collateral order doctrine. Under 28 U.S.C. § 1291, certain orders are appealable if they finally determine issues separate from the merits of the case. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed.2d 1528 (1949). The collateral order doctrine under *Cohen* requires that an order (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir.1988). If the order fails to satisfy any one of the requirements, it cannot be appealed under the collateral order doctrine. *Gulfstream*, 108 S.Ct. at 1137. As noted above, if RPR has a right to arbitrate the disputed claims, any judgment entered in this case can be set aside and the claims referred to arbitration; therefore, the denial of the stay does not meet the third requirement of the collateral order doctrine. In the rare instances before the *Gulfstream* decision when courts were confronted with the question, they decided

that a stay of proceedings pending arbitration was not appealable under the collateral order doctrine. *In re Hops Antitrust Litigation,* 832 F.2d 470, 472 (8th Cir.1987); *Hartford Financial Systems v. Florida Software Serv.,* 712 F.2d 724, 726 (1st Cir. 1983); *Langley v. Colonial Leasing Co.,* 707 F.2d 1, 3 (1st Cir.1983).

The other two avenues of appeal mentioned by the Supreme Court in *Gulfstream* are also unavailable to the appellants. The district court has not certified this order for a permissive appeal under 28 U.S.C. § 1292(b); and the appellants have not applied for a writ of mandamus.[2] Because the denial of the stay in this case is unreviewable under both § 1292(a)(1) and the collateral order doctrine, this court has no jurisdiction to hear the appeal. Our view is consistent with recent decisions in the Second, Third, Seventh, and Eleventh Circuits. *See Zosky v. Boyer,* 856 F.2d 554 (3d Cir.1988); *Feldspar Trucking Co. v. Greater Atlanta Shippers Ass'n,* 849 F.2d 1389 (11th Cir.1988); *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.,* 849 F.2d 761 (2d Cir.1988); *Crist v. Miller,* 846 F.2d 1143 (7th Cir.1988). The appeal is therefore DISMISSED.

---

2. Even if this appeal were construed as an application for the writ of mandamus, the appellants have certainly not shown the "exceptional circumstances" that are required to justify the issuance of the writ. *See Gulfstream,* 108 S.Ct. at 1143–44.