Victoria A. Carleton **JOLLEY, et al.,**
**Plaintiffs–Appellants,**

v.

**PAINE WEBBER JACKSON & CURTIS, INC., Defendant–Appellee.**

No. 88–3179.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1989.

Frank E. Massengale, S. Gene Fendler, Liskow & Lewis, New Orleans, La., for plaintiffs-appellants.

Phillip A. Wittmann, George C. Freeman, III, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for Paine Webber Jackson & Curtis, Inc.

Before CLARK, Chief Judge,
TIMBERS* and RUBIN, Circuit Judges.

CLARK, Chief Judge:

The plaintiffs attempt to appeal from the district court order staying proceedings pending arbitration. We dismiss for lack of jurisdiction.

*Circuit Judge of the Second Circuit, sitting by designation.

*Facts*

Between 1979 and 1982 each of the plaintiffs opened an account with broker James Welch at the investment firm of Paine Webber Jackson & Curtis, Inc. Welch participated in options and margin trading which resulted in the loss of plaintiffs' money. The plaintiffs filed suit in the United States District Court for the Eastern District of Louisiana alleging that Welch and Paine Webber had violated the Securities Act of 1934, the Racketeer Influenced and Corrupt Organizations Act (RICO), and state law. Based on agreements which contained arbitration clauses, Paine Webber moved to compel arbitration. The district court initially referred the state law claims to arbitration and retained the securities and RICO claims. Subsequently, the United States Supreme Court in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), held that claims under the 1934 Act and RICO are arbitrable. Paine Webber renewed its motion to compel arbitration, and the district court issued an order staying proceedings pending arbitration.

*Discussion*

We must first decide whether we have jurisdiction over an appeal from an order staying proceedings pending arbitration. In the past, such orders have been held to be reviewable on appeal as either (1) injunctions under 28 U.S.C. § 1292(a)(1); (2) collateral orders under *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); (3) final decisions under 28 U.S.C. § 1291; (4) permissive appeals under 28 U.S.C. § 1292(b); or (5) by writ of mandamus.

*Section 1292(a)(1)*

■ Following the Supreme Court's holding in *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, — U.S. —, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988), we have recently held that an order denying a stay pending arbitration is not appealable under § 1292(a)(1). *Rauscher Pierce Refsnes,*

*Inc. v. Birenbaum,* 860 F.2d 169 (5th Cir. 1988). The statute makes no distinction between orders granting and orders denying stays pending arbitration. We noted in *Birenbaum* that the Supreme Court in *Gulfstream* held that "orders granting *or* denying stays of 'legal' proceedings on 'equitable' grounds are not automatically appealable under § 1292(a)(1)." *Id.* at 170 (quoting *Gulfstream,* 108 S.Ct. at 1142) (emphasis added). The district court's order granting a stay pending arbitration is not appealable under § 1292(a)(1).

### Collateral Order Doctrine

■ We also held in *Birenbaum* that an order denying a stay pending arbitration is not appealable under the collateral order doctrine. The collateral order doctrine requires that an order (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Id.* at 171 (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). *Birenbaum* held that an order denying a stay does not meet the third requirement because it is not effectively unreviewable on appeal from a final judgment. *Id.* at 171. We reasoned that any judgment entered by the district court could be set aside and the claims referred to arbitration if it is determined that the denial of a stay was improper. Similarly, an order granting a stay pending arbitration is not effectively unreviewable on appeal from a final judgment. The order is fully reviewable because the parties will have an opportunity to secure a final decision from the district court after the arbitration and can appeal from that final decision. We recognized this in *Birenbaum* by citing with approval other cases which "decided that a stay of proceedings pending arbitration was not appealable under the collateral order doctrine." *Id.* at 171–72 (citing *In re*

*Hops Antitrust Litigation,* 832 F.2d 470, 472 (8th Cir.1987); *Hartford Financial Systems v. Florida Software Services,* 712 F.2d 724, 726 (1st Cir.1983); *Langley v. Colonial Leasing Co.,* 707 F.2d 1, 3 (1st Cir.1983)). Indeed, as counsel for defendants concede, the questions raised by plaintiffs in this case will be reviewable on appeal from a final judgment after arbitration to the same extent and under the same standards as they would be now. Therefore, an order granting a stay pending arbitration is not appealable under the collateral order doctrine.

### Section 1291

■ Our cases contain apparent inconsistencies on whether orders granting or denying stays pending arbitration are appealable under § 1291. In *La Nacional Platanera v. North American Fruit & Steamship Corp.,* 84 F.2d 881 (5th Cir. 1936) this circuit held that an order denying a motion to compel arbitration was final and appealable. In *City of Naples v. Prepakt Concrete Co.,* 494 F.2d 511 (5th Cir.), *cert. denied,* 419 U.S. 843, 95 S.Ct. 76, 42 L.Ed.2d 71 (1974) this circuit stated that an order staying proceedings and compelling arbitration "was an appealable final order within the meaning of 28 U.S.C. § 1291." *Id.* at 513 (citing *La Nacional Platanera,* 84 F.2d 881). In *Coastal Industries, Inc. v. Automatic Steam Products Corp.,* 654 F.2d 375 (5th Cir. Unit B Aug. 1981), this circuit again stated that "an order compelling arbitration is a final, appealable order under 28 U.S.C. § 1291." *Id.* at 377 n. 1 (citing *Prepakt Concrete Co.,* 494 F.2d 511). Then, in *Municipal Energy Agency of Mississippi v. Big Rivers Electric Corp.,* 804 F.2d 338 (5th Cir.1986), this circuit held that "[a]n order granting a stay pending arbitration is not a final order, so it is not appealable under 28 U.S.C. § 1291." *Id.* at 341.

Although it may be possible to disregard some of these statements as dicta[1], or to

---

1. The statement in *Coastal Industries* is dictum because jurisdiction in that case was based on 28 U.S.C. § 1292(a)(1). 654 F.2d at 377 n. 1. In *Prepakt Concrete Co.* we decided that because a party had waived its right to designate venue in

Florida, the district court in Florida could not enjoin valid confirmation proceedings in Ohio. 490 F.2d 182 (5th Cir.1974). Our holding on rehearing, that the Florida court had jurisdic-

make a technical distinction between orders granting a stay under § 3 of the Federal Arbitration Act, 9 U.S.C. § 3 and orders compelling arbitration under § 4 of the Act, 9 U.S.C. § 4, it is unnecessary to do so.[2]

The substance of the Supreme Court's decision in *Gulfstream* makes it clear that neither orders granting nor orders denying a stay pending arbitration are final under § 1291. The Court reiterated the long-standing rule that a district court's decision is appealable under § 1291 only when the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gulfstream*, 108 S.Ct. at 1136 (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Neither an order granting nor an order denying a stay pending arbitration ends the litigation on the merits. Indeed, an order denying a stay has as its purpose to ensure that litigation will continue in the district court. 108 S.Ct. at 1136. While an order granting a stay postpones active litigation in the district court, it contemplates that the district court will retain jurisdiction to confirm, modify, or, in some cases, to renew the litigation despite the arbitration award. Our decision in *Birenbaum* implicitly recognized that *Gulfstream* had foreclosed jurisdiction under § 1291 by refusing to even discuss § 1291 as a possible avenue of jurisdiction.

When a district court order is entered as a single act in the process of an ongoing legal proceeding, it makes no difference whether the order grants or denies a stay under § 3 of the Arbitration Act or compels arbitration under § 4 of the Act. Such orders are not final judgments under § 1291 because the district court retains jurisdiction and contemplates further action. *See De Fuertes v. Drexel Burnham, Lambert, Inc.*, 855 F.2d 10, 11 (1st Cir. 1988); *McDonnell Douglas Finance Corp. v. Pennsylvania Power & Light Co.*, 849 F.2d 761, 764 (2d Cir.1988); *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 198 (3d Cir.1988); *Matterhorn, Inc. v. NCR Corp.*, 763 F.2d 866, 870–71 (7th Cir.1985).[3] Language to the contrary in prior decisions of this circuit has been overtaken by the Supreme Court's decision in *Gulfstream*.

### Conclusion

Following *Gulfstream* the only appellate jurisdiction over an order granting a stay pending arbitration, entered as part of a continuing proceeding where the district court retains jurisdiction, would be found in a permissive appeal under § 1292(b) or a writ of mandamus. In this case the district court denied plaintiffs' motion for 1292(b) certification, and the plaintiffs have not sought a writ of mandamus. For lack of jurisdiction, this appeal is DISMISSED.

---

tion over the arbitration order, was not necessary to the basic ruling of that case.

**2.** This latter distinction has some support. *Prepakt Concrete Co.*, 494 F.2d at 512 n. 1. However, another panel in this circuit rejected it. *Mar–Len of Louisiana, Inc. v. Parsons–Gilbane*, 732 F.2d 444, 445 (5th Cir.1984).

**3.** There may be one possible exception. If a district court enters an order in response to an independent proceeding to compel arbitration pursuant to § 4 of the Federal Arbitration Act, the order may be a final judgment which concludes the litigation so as to be appealable under § 1291. *McDonnell Douglas Finance Corp.*, 849 F.2d at 764; *Commonwealth Ins. Co.*, 846 F.2d at 198; *Hartford Financial Systems, Inc. v. Florida Software Services, Inc.*, 712 F.2d 724 (1st Cir.1983). No such case is presented here.