**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-10673
Summary Calendar

---

WANDA DENNIS,

Plaintiff - Appellant,

VERSUS

COMPLETE CARE SERVICES LP;
COMPLETE CARE SERVICES OF TEXAS, INC.,

Defendants - Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
( 4:99-CV-457-Y )

---

December 27, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Wanda Dennis appeals from the district court's order staying her civil rights suit until it is determined whether or not her attorney has been disbarred. Dennis argues that

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

this court has jurisdiction under 28 U.S.C. § 1291, § 1292(a)(1), and the collateral order doctrine. She argues that because she cannot afford substitute counsel, the order effectively denies her First Amendment right of access to the courts, her Fifth Amendment right to due process, her Sixth Amendment right to effective assistance of counsel, and her Seventh Amendment right to trial by jury.

To assert jurisdiction under 28 U.S.C. § 1291, the district court's order must be a final decision. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9 (1983). An order granting a stay of proceedings is deemed final for purposes of appellate jurisdiction when the stay requires "all or essentially all of the suit to be litigated in state court." *K-Mart Corporation v. Aronds*, 123 F.3d 297, 300 (5th Cir. 1997). The order does not become final when "a district court enters an order staying its own proceedings in favor of other proceedings within the same federal judicial system." *Kershaw v. Shalala*, 9 F.3d 11, 14 (5th Cir. 1993). Because the district court's order does not require Dennis's suit to be litigated in state court, it is not a final decision for purposes of this Court's appellate jurisdiction.

An interlocutory order is appealable under 28 U.S.C. § 1292(a)(1) if the order "has the same practical effect as granting or denying an injunction . . . [and] a party shows that the order has serious, perhaps irreparable, consequence." *Rauscher Pierce*

2

*Refsnes, Inc. v. Birenbaum*, 860 F.2d 169 (5th Cir. 1988) (discussing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988)). The district court's order does not have the same effect as an injunction for purposes of section 1292(a)(1) and therefore is not subject to appellate review. *See id.; Jolley v. Paine Webber Jackson & Curtis, Inc.*, 864 F.2d 402, 403-04 (5th Cir. 1989).

The collateral order doctrine allows a litigant to appeal a district court's order if the order satisfies the following:

(1) The order must finally dispose of an issue so that the district court's decision may not be characterized as tentative, informal or incomplete; (2) the question must be serious and unsettled; (3) the order must be separable from, and collateral to, the merits of the principle case; and (4) there must be a risk of irreparable loss if an immediate appeal is not heard because the order will be effectively unreviewable on appeal from final judgment.

*Kershaw*, 9 F.3d at 14 (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468-69 (1978)). Stay orders rarely satisfy these requirements, and this case is no exception. *See id*. Plaintiff's alleged financial inability to hire substitute counsel is not the type of irreparable loss that the collateral order doctrine addresses.

In sum, this Court has no jurisdiction to review the district court's order under 28 U.S.C. § 1291, § 1292(a)(1), or the collateral order doctrine.  The appeal is therefore dismissed.

DISMISSED