# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-20533
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2026

Lyle W. Cayce
Clerk

Violet Berrospi,

*Plaintiff—Appellant*,

*versus*

Aldine Independent School District,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-4928

————————————————————

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

*Pro se* Plaintiff-Appellant Violet Berrospi appeals the district court's order granting in part Aldine Independent School District's (AISD) motion to enforce a settlement agreement. Because the challenged order is not a final decision under 28 U.S.C. § 1291, we dismiss this appeal for lack of jurisdiction.

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20533

Berrospi sued AISD in state court, asserting employment discrimination and retaliation claims under federal law. AISD timely removed the case to the United State District Court for the Southern District of Texas. The district court then referred the case to mediation before a magistrate judge. Following mediation, the magistrate judge sent an email to the parties to confirm that the case had been resolved on four terms: AISD would pay Berrospi $7,000; AISD would restore seven days of sick leave; Berrospi would dismiss her claims with prejudice; and the parties would execute a written settlement agreement. The magistrate judge concluded the email with a request:

> If this email accurately sets forth the parties' agreement, please send me back an email saying "Yes." To be clear, if both sides send me a "yes" email, we will have a binding and enforceable settlement.

Each side promptly responded, "Yes."

Berrospi later sought "clarification" of several terms, apparently backtracking from her earlier assent. After the magistrate judge explained that the settlement agreement would not be amended, Berrospi sought relief from the district court. AISD then quickly moved to enforce the settlement. After an evidentiary hearing, the district court granted AISD's motion in part. The court ordered Berrospi to provide AISD with a W-9 form, ordered AISD to restore seven days' sick leave and tender $7,000 to Berrospi, and stated that once AISD demonstrated payment and restoration of leave, the court would dismiss the case with prejudice. The court also stated that it would retain jurisdiction to enforce the settlement and would include that provision in its final order of dismissal. However, before any final dismissal order had been issued, Berrospi filed this appeal. Berrospi also moved for reconsideration, which the district court denied.

No. 25-20533

This court has jurisdiction over "final decisions" of the district courts. 28 U.S.C. § 1291. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945) (citation omitted). Section 1291 does not allow "piecemeal appellate review of trial court decisions which do not terminate the litigation." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985) (quotation omitted). If the order at issue "contemplates further action" before dismissal or final judgment, it remains interlocutory. *Jolley v. Paine Webber Jackson & Curtis, Inc.*, 864 F.2d 402, 405 (5th Cir.), *supplemented*, 867 F.2d 891 (5th Cir. 1989).

That is the case here. When Berrospi noticed her appeal, the district court had not dismissed Berrospi's claims. Nor had it entered a final judgment. Instead, it conditioned dismissal on further acts by the parties: Berrospi's submission of a W-9, AISD's tender of $7,000, and AISD's restoration of sick leave. Only after those steps, by the express terms of the order at issue, would the district court "DISMISS this case in its entirety WITH PREJUDICE." The court further stated that it would "retain jurisdiction to enforce the settlement" and "include that provision in the final order of dismissal."

Berrospi argues that the order is effectively final because it resolved the central issue in dispute, *i.e.*, whether the settlement agreement is enforceable. But § 1291 requires a final decision, not merely an important penultimate ruling. The district court's order confirms that the court "contemplate[d] further action" before dismissal of Berrospi's claims. *Jolley*, 864 F.2d at 405. The fact that those remaining steps appeared straightforward did not transform the order at issue into a final judgment.

Nor does the district court's later denial of reconsideration create appellate jurisdiction. "The denial of a motion for reconsideration of an

3

No. 25-20533

otherwise non-appealable order is itself non-appealable." *Clark v. Sanders*, 98 F.3d 1337, 1337 (5th Cir. 1996) (citing *Branson v. City of Los Angeles*, 912 F.2d 334, 336 (9th Cir. 1990)).

Because the district court has not entered a final judgment or otherwise issued an appealable order, we lack jurisdiction to review Berrospi's challenges to the settlement enforcement ruling and express no opinion on the merits of her claims.

APPEAL DISMISSED.